IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON

JONATHAN WALKER,                              CASE NO.:

      Plaintiff,

vs.

CREATIVE DOOR & MILLWORK,
LLC, a Florida Limited Liability
Company,

      Defendant.                                    /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JONATHAN WALKER ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, CREATIVE DOOR & MILWORK, LLC, a Florida Limited Liability Company ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1.    This is an action brought pursuant the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. ("ADAAA"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 et seq. ("FCRA"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

1

## PARTIES

2. Plaintiff is an adult individual who resides in Sarasota County, Florida.

3. Defendant CREATIVE DOOR & MILLWORK, LLC, is a Domestic Limited Liability Company, licensed and authorized to conduct business in the State of Florida, doing business in Lee County, Florida.

4. At all times relevant hereto, Defendant maintained an office in Lee County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, ADAAA, and FCRA.

6. At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning of the FMLA, ADAAA, and FCRA.

7. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day within a 75 mile radius during each of 20 or more calendar workweeks in the current or preceding calendar year.

8. Defendant is an employer under the ADAAA and the FCRA because, at all relevant times, it employed greater than 15 employees.

## JURISDICTION AND VENUE

9. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the FMLA and ADAAA. Jurisdiction over Plaintiff's FCRA claim arises under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

10. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Lee County, Florida.

11. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Lee County, Florida.

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 12, 2017, which was dual filed with the Florida Commission on Human Relations (FCHR), with respect to his ADAAA and FCRA claims.[1]

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by the Defendant in October 2013, initially as a Trim Carpenter.

14. Over the course of Plaintiff's tenure with the Defendant, Plaintiff was promoted to a Warranty Manager. Plaintiff remained in this position until he was terminated on May 4, 2017.

15. At the time of Plaintiff's termination his rate of pay was $25.00 per hour.

---

[1] Plaintiff sent a letter to the EEOC on April 30, 2019, requesting a right-to-sue letter. Plaintiff is entitled to a right-to-sue letter because more than 180 days have passed since Plaintiff filed his Charge of Discrimination with the EEOC and the EEOC has not processed his claim. *See Ward v. Fla. Dep't of Juvenile Justice*, 194 F. Supp. 2d 1250, 1256 (N.D. Fla. 2002) (citing *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir.1994)) ("A claimant is entitled to a right to sue letter when the EEOC determines that it cannot process the claim within the 180 days provided by Title VII."). Prior the filing of the instant lawsuit, Plaintiff has not received his right-to-sue-letter. Nevertheless, receipt of the right-to-sue-letter is not a jurisdictional prerequisite. *See Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1526 (11th Cir. 1983). "Title VII does not condition an individual's right to sue upon the EEOC's performance of its administrative duties." *Sims*, 22 F.3d at 1063 (11th Cir. 1994) (quoting *Jefferson v. Peerless Pumps Hydrodynamic, Div. of FMC Corp.*, 456 F.2d 1359, 1361 (9th Cir.1972) (internal quotations omitted). In an abundance of caution, Plaintiff will immediately file his right-to-sue letter with this Court upon receipt.

16. On or about January 2017, Plaintiff was diagnosed with Stage III cancer.

17. On January 23, 2017 Plaintiff put Defendant on notice of his diagnoses and the required treatment he would need to undergo.

18. The next day, January 24, 2017, Plaintiff sought reasonable accommodations under the ADAAA and FMLA, and applied for intermittent FMLA leave starting January 25, 2017. He also submitted all appropriate documentation supporting his need for intermittent leave.

19. Intermittent FMLA leave was necessary for Plaintiff to continue to working for Defendant while also receiving chemo and radiation therapy.

20. Specifically, Plaintiff required intermittent leave for the purposes of attending his weekly chemo and radiation therapy and also for additional time off in the event his symptoms from treatment became severe.

21. Defendant authorized Plaintiff's request for intermittent FMLA leave.

22. At all times, Plaintiff was ready, able, and willing to perform the essential functions of his job.

23. When Plaintiff did need to take leave to attend his doctors' appointments he communicated the same with his supervisors.

24. On May 4, 2017, one week before his final cancer treatment, Defendant terminated Plaintiff.

25. Defendant did not provide a legitimate non-discriminatory reason for the termination.

26. Defendant's purported reason for Plaintiff's termination was that one of

his customers complained. However, Plaintiff had no prior knowledge of said complaint nor was he provided any evidence of the complaint; Defendant's other employees had received customer complaints and none had been terminated over such incidents; and Plaintiff had no history of discipline at the company other than a single write up he received approximately one year before his termination.

27. Defendant's purported reason for Plaintiff's termination was merely a pretext to hide the true reason for his termination.

28. Plaintiff believes he was discriminated against because of his actual and/or perceived disability and his request for intermittent protected leave to obtain chemo and radiation therapy.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

29. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-eight (28), above, as if fully set forth herein.

30. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

31. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

32. In January 2017, Plaintiff requested intermittent FMLA protected leave to attend chemo and radiation therapy to treat his Stage III cancer.

33. Plaintiff submitted all necessary documentation and otherwise complied with all company policies with respect to his intermittent leave.

34. Defendant interfered with the exercise of Plaintiff's right to intermittent leave because Defendant terminated Plaintiff while his cancer treatment was still ongoing and while he was still protected by the FMLA.

35. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

37. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JONATHAN WALKER, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

38. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-eight (28), above, as if fully set forth herein

39. At all times relevant hereto, Defendant retaliated against Plaintiff because he exercised his right to take leave from work that was protected under the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff because he requested intermittent FMLA protected leave to attend chemo and radiation therapy to treat his Stage III cancer.

41. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating his employment for seeking time off under the FMLA.

42. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised his right to leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

45. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JONATHAN WALKER, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
### DISCRIMINATION UNDER THE ADAAA

46. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-eight (28), above, as if fully set forth herein.

47. Plaintiff was a qualified individual with a disability.

48. Plaintiff was perceived as disabled by Defendant.

49. Defendant was Plaintiff's employer as defined by the ADAAA.

50. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

51. Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his request for an accommodation of intermittent leave from work to obtain chemo and radiation therapy to treat his Stage III cancer. Plaintiff also believes he was discriminated against because of his actual and/or perceived disability and his request for intermittent leave from work to obtain cancer treatment.

52. Defendant had actual or constructive knowledge of the discriminatory conduct.

53. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

54. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

56. Defendant's violations of the ADAAA were willful.

57. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff, JONATHAN WALKER, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT IV
## DISCRIMINATION UNDER THE FCRA

58. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-eight (28), above, as if fully set forth herein.

59. Plaintiff was a qualified individual with a disability.

60. Plaintiff was perceived as disabled by Defendant.

61. Defendant was Plaintiff's employer as defined by the FCRA.

62. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the FCRA.

63. Defendant discriminated against Plaintiff because he exercised his rights under the FCRA by notifying Defendant of his request for an accommodation of intermittent leave from work to obtain chemo and radiation therapy to treat his Stage III cancer. Plaintiff also believes he was discriminated against because of his actual and/or perceived disability and his request for intermittent leave from work to obtain cancer treatment.

64. Defendant had actual or constructive knowledge of the discriminatory conduct.

65. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

66. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

68. Defendant's violations of the FCRA were willful.

69. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff JONATHAN WALKER, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 1st day of May, 2019.

Respectfully submitted,

**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
***Attorneys for Plaintiff***